UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

| | |
|---|---|
| KENNETH ELLISON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| THE HARTFORD LIFE AND ACCIDENT | |
| INSURANCE COMPANY, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

COMES NOW Plaintiff, Kenneth Ellison, and for his claims and causes of action against

Defendant The Hartford Life and Accident Insurance Company states as follows:

## PARTIES

1. Kenneth Ellison ("Ellison") is a resident and citizen of the State of Kansas.

2. The Hartford Life and Accident Insurance Company ("Hartford") is an out of state insurance company authorized to do business in the State of Kansas. The Commissioner of the Kansas Department of Insurance is authorized to accept service of process on behalf of Hartford in this action.

## JURISDICTION AND VENUE

3. Ellison brings his claims pursuant to the Employee Retirement Income Security Act ("ERISA") and 29 U.S.C. § 1001 *et seq*.

4. This dispute is governed by a welfare benefits plan and its policy documents, as well as applicable federal law regarding employer provided benefits. 29 U.S.C. § 1132(e)(1).

5. This Court also has subject matter jurisdiction pursuant to the general jurisdictional statute for civil actions arising under federal law. 28 U.S.C. § 1331.

6. Venue lies in this district under 29 U.S.C. § 1132(e)(2), as the breach occurred in this district, and because the welfare benefits plan is administered in this district.

7. Venue is also proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and/or omissions giving rise to this action occurred within this judicial district.

INFORMATION REGARDING TRIAL

8. No jury trial is allowed under ERISA law.

STATEMENTS OF FACT

9. Prior to becoming disabled, Ellison worked for Amazon.Com Services, Inc. ("Amazon") as an Order Packer/Fulfillment Associate.

10. During his employment, Ellison suffered from chronic and progressive conditions, including bilateral arthritis of the hands and feet.

11. Ellison 's chronic conditions prevented his ability to competitvely perform the duties of his occupation, necessitating him to go out of work begining October 1, 2024.

12. Amazon sponsored a group long-term disability ("LTD") benefits plan ("Plan") for its participating employees.

13. The Plan is an employee welfare benefits plan as defined by 29 U.S.C. § 1002(1).

14. The Plan offered disability benefits to qualifying Amazon employees, including Ellison.

15. At all relevant times, Ellison has been a participant and a covered person under the terms of the Plan.

16. Amazon is the administrator and named fiduciary of the Plan.

17. Amazon delegated or attempted to delegate the function of issuing the LTD claim determinations to Hartford.

18. Amazon and Hartford entered into an administrative services contract through which

Amazon paid Hartford for acting as claim administrator.

19. Ellison enrolled in the Plan and was eligible for benefits.

20. The Plan provided that employees would be entitled to receive LTD benefits if they became "disabled" while covered under the plan.

21. The Plan defines "disabled" as follows:

**Disability or Disabled** means You are prevented from performing one or more of the Essential Duties of:
1) Your Occupation during the Elimination Period;
2) Your Occupation, for the 24 months following the Elimination Period, and as a result Your Current Monthly Earnings are less than 80% of Your Indexed Pre-disability Earnings; and
3) after that, Any Occupation.

22. Ellison was covered under the Plan when he became "disabled" on or before October 1, 2024.

23. Because Ellison became "disabled" as defined by the plan while he was covered under the plan, and because he remained "disabled" for 180 days following becoming "disabled" in satisfaction of his elimination period, Ellison was eligible for benefits according to the terms of the Plan under which he was covered.

24. On May 6, 2025, Ellison initiated an LTD claim with Hartford.

25. On June 12, 2025, Hartford wrote to Ellison informing him that his claim was being closed for failure to provide sufficient proof of loss.

26. Ellison, through his representatives, appealed Hartford's denial on December 8, 2025.

27. On December 29, 2025, Hartford again denied Ellison 's LTD claim on the grounds that Ellison failed to provide sufficient proof of loss.

28. At all relevant times, Ellison was and remains "disabled" under the Plan.

29. Ellison has exhausted all administrative remedies.

CAUSES OF ACTION

## COUNT I
### 29  U.S.C. § 1132(a)(1)(B) – WRONGFUL DENIAL OF BENEFITS

30. Ellison realleges the preceding paragraphs as if fully set forth herein.

31. Ellison is entitled to all unpaid and accrued LTD benefits, as Hartford;

    a.  Made an unfavorable decision without substantial evidence;

    b.  Failed to properly consider Ellison 's medical impairments and resulting limitations;

    c.  Failed to conduct any occupational or vocational review;  and

    d.  Issued an unfavorable decision that was arbitrary and capricious.

32. Pursuant to 29 U.S.C. § 1132(a)(1)(b), Ellison is entitled to an award of actual damages for losses suffered.

33. Pursuant to 29 U.S.C. § 1132(g), judgment may include compensation for a beneficiary's attorney's fees, costs, and prejudgment interest.

34. Hartford has not satisfied its obligation to pay Ellison 's LTD benefits.

   WHEREFORE, pursuant to 29 U.S.C. § 1132(a)(1)(B) and 29 U.S.C. § 1132(g), Ellison prays for judgment against Hartford for unpaid LTD benefits, attorney's fees, costs, and prejudgment interest.

## COUNT II
### 29 U.S.C. § 1132(a)(3) – BREACH OF FIDUCIARY DUTY

35. Ellison realleges the preceding paragraphs as if fully set forth herein.

36. Under 29 U.S.C. § 1002(21)(A), a fiduciary is one who:

   "exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan."

37. 29 U.S.C. § 1104(a)(1)(A) describes the fiduciary standard of care:

> "a fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and—for the exclusive purpose of: (if) providing benefits to participants and their beneficiaries; and (ii) defraying reasonable expenses of administering the plan."

38. As the entity exercising discretion in claims administration, Hartford is a fiduciary.

39. Ellison participated in Hartford's LTD benefits plans as previously indicated.

40. As the payor of benefits and the entity responsible for benefits determinations, Hartford operates under an inherent structural conflict of interest.

41. A higher than marketplace quality standard, as set forth in *Metropolitan Life Ins. Co. v. Glenn*, 554 U.S. 105, 128 (2008) governs Hartford's actions as a fiduciary.

42. Hartford breached its fiduciary duty in:

   a. Failing to act in accordance with the documents and instruments governing the Plan; and

   b. Failing to perform a meaningful review of Ellison 's claim on appeal.

43. Hartford denied Ellison's LTD benefits for the purpose of elevating its financial interests. In doing so, it breached its fiduciary duties.

44. Hartford failed to discharge its duties solely in the interests of its participants and beneficiaries. It acted with a conflict of interest and breached its fiduciary duty to both Ellison and the Plan's participants and beneficiaries generally.

45. Hartford's improper conduct demonstrates that ordinary relief under § 1132(a)(1)(B) is not an adequate remedy.

46. Hartford's violations of regulations alone allow Ellison the right to pursue any remedy under Section 502(a) of ERISA, including § 1132(a)(3). 29 C.F.R. § 2560.503-1(l)(2)(i).

47. Hartford's violations of federal regulation also subject its decision to *de novo* review.

WHEREFORE, pursuant to 29 U.S.C. § 1132(a)(3), § 1109, and § 1132(a)(2), Ellison

prays for an order that Hartford retrain its employees consistent with ERISA fiduciary

obligations and federal regulations; for reformation of its services agreement with the plan

administrator consistent with ERISA fiduciary obligations and federal regulations; for an

injunction preventing further unlawful acts by Hartford in its fiduciary capacity; for an equitable

accounting of benefits that Hartford has withheld; for the disgorgement of profits enjoyed by

Hartford in withholding benefits; for restitution under a theory of surcharge; for the Court's

imposition of a constructive trust; for an award of attorney fees; and for further relief as the

Court deems just.


Respectfully submitted,

BURNETTDRISKILL, Attorneys

By:/s/ Benjamin Narrell
Benjamin Narrell, Mo. #76715
Derrick A. Pearce, Mo. #42793
103 W 26th Ave., Ste. 290
North Kansas City, MO  64116
P: 816.781.4836
F: 816.792.3634
bnarrell@burnettdriskill.com
dpearce@burnettdriskill.com
ATTORNEYS FOR PLAINTIFF